UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER BROWN,

Plaintiff,

v. Case No. 8:25-cv-1124-JLB-SPF

THE ROCK LAW GROUP, P.A. et al.,

Defendants.
_______________________________________/

**ORDER**

Before the Court is *pro se* Plaintiff Roger Brown's Motion for an Extension of Time to Complete Service (Doc. 30) and Motion for Alternative Service (Doc. 34). The Court will address each motion in turn.

**I. Background**

Plaintiff brings this action against Defendants The Rock Law Group, P.A., Andrew P. Rock, David Constantino, Russel A Steinberg, Stephanie Grossinger, Paul Pearcy, P.A., Paul Percy, Maureen G. Pearcy, and Unknown Employees of Citizens Property Insurance Corporation (collectively, "Defendants") in relation to the denial (and later Florida state court lawsuit and settlement) of a 2011 sinkhole claim Plaintiff filed with Citizens Property Insurance Corporation ("CPIC"). (Doc. 1). When CPIC issued a check after the state court case was settled, it was made payable to Plaintiff and Plaintiff's mortgagee. (*Id.*). Plaintiff alleged that his mortgagee should not have been included on the check and sought to reopen the prior state court case to enforce the settlement agreement. (*Id.*). Defendants in this action (except the Unknown Employees of CPIC) apparently represented CPIC in the state court

case after Plaintiff sought to reopen it. (*Id.*). The matter was later closed again, and judgement was entered against Plaintiff. (*Id.*).

In the instant case, as best the Court can tell, Plaintiff seeks damages and declaratory and injunctive relief against Defendants for alleged violations of his Fifth and Fourteenth Amendment rights, the federal RICO statute, and a smorgasbord of state law causes of action, including breach of the settlement agreement and several torts. (*Id.*). Plaintiff's claims appear to be based on two theories: 1) Defendants violated his rights and harmed him when they failed to raise purported jurisdictional defects with the Court after Plaintiff reopened the state court case to enforce the settlement agreement, prolonged that litigation, and used *ex parte* hearings; and 2) Defendants are liable for breaching the CPIC settlement agreement because the settlement check was also made payable to the mortgagee. (*Id.*).

This is not, however, Plaintiff's first action related to the settlement agreement and its subsequent litigation.[1] In 2019, Plaintiff sued CPIC and its employees alleging, among other things, breach of the settlement agreement. *See Brown v. Citizens Property Insurance Corporation & Unknown Employees of Citizens Property Insurance Corporation*, No. 8:19-cv-1951-CEH-SPF, at (Doc. 1) (M.D. Fla. Aug. 7, 2019). After being granted electronic filing capabilities, Plaintiff litigated that matter through the Eleventh Circuit's affirmance of the district court's dismissal of the case. (Docs. 11, 58, 61). Moreover, Plaintiff also appears to have another pending case in Florida state court against CPIC and its employees bringing substantially similar claims and in which he has continued to participate as recently as April 21, 2026. *See Brown v. Citizens*

[1] The Court is permitted to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and "may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201. Here, the Court reviewed Public Access to Court Electronic Records, or "PACER."

*Property Insurance Corporation & Unknown Employees of Citizens Property Insurance Corporation*, No. 25-003769-CI (Fla. 6th Cir. Ct. Apr. 21, 2026).

## II. Analysis

### A. Service Extension

In his motion (Doc. 30), Plaintiff seeks to extend the service deadline by another sixty days. Plaintiff initiated this action on April 17, 2026. Shortly thereafter, on April 20, 2026, Plaintiff mailed Defendants a copy of the Complaint and requested each Defendant waive service in accordance with Federal Rule of Civil Procedure 4(d). (Doc. 18, ¶ 5). Defendants did not agree to waive service. On May 26, 2026, Plaintiff filed a Motion for Permission to Serve Defendants by Electronic Mail. (Doc. 10). While that motion was still pending before the Court, Plaintiff filed a subsequent notice informing the Court that service had occurred. (Doc. 14). The Court then entered an order denying the motion as to service of the Complaint as moot and further ordering that "should Plaintiff seek permission to serve all future filings on Defendants by electronic mail, such request is denied without prejudice as premature." (Doc. 17). Despite the Court's waning, three days later June 4, 2026, Plaintiff filed another motion to serve Defendants by electronic mail. (Doc. 18). In the following weeks, Plaintiff also filed a Motion to Expedite Proceedings and for Priority Docket Consideration (Doc. 20) and a Motion to Declare the Reopened Proceedings in Case No. 14-002748-CI Jurisdictionally Void *Ab Initio*. (Doc. 21). On August 4, 2026, the Court entered an order addressing all three motions and again denied the request for electronic service. (Doc. 23). Notably, prior to entry of the Court's August 2026 order, Plaintiff did not seek an extension of the service deadline or make any attempt to serve Defendants through formal service of process. Instead, Plaintiff waited until August 10, 2026, twenty-five days after the service

deadline, to request the issuance of summonses from the Clerk of Court which were issued on August 13, 2026. (Docs. 24–25). Plaintiff then attempted a series of untimely service efforts before filing the instant motion on September 14, 2026, seeking to extend the service deadline by another sixty days. (Doc. 30).

Under Rule 4(m), a court must extend the deadline for service for good cause shown. Fed. R. Civ. P. 4(m). "To demonstrate good cause, the plaintiff must offer evidence that he (1) has proceeded in good faith, (2) has a reasonable basis for noncompliance, and (3) the basis for the delay was more than simple inadvertence or mistake." *Crossley v. Armstrong Homes, Inc.*, No. 5:14-CV-117-OC-22PRL, 2014 WL 5258303, at *2 (M.D. Fla. Oct. 15, 2014). Moreover, a Court in its discretion may permit an extension under Rule 4 even where no good cause is shown. *Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Relevant factors for a discretionary extension may include whether "the applicable statute of limitations would bar the refiled action, or if the defendant is evading service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Here, Defendants argue that Plaintiff's request lacks good cause because Plaintiff made no attempts to formally serve Defendants prior to the expiration of the service deadline. (Doc. 39 at 3–5). Defendants highlight that attempts to attempts to accomplish service via waiver or electronic service do not absolve a plaintiff of Rule 4's 90-day service requirement. (*Id.* at 5–6). In response, Plaintiff argues that good cause supports an extension because during the relevant service period, a motion to permit electronic service (Doc. 18) was pending before the Court. (Doc. 49).

The Court is not persuaded. In his reply, Plaintiff concedes that his June 4, 2026 filing was a "second motion" on an issue the Court had already ruled upon. (*Id.* at 3). Plaintiff cannot evade Rule 4's service of process requirements by continually brining the same issue before the Court amongst a host of other filings.[2] Such behavior is neither reasonable nor justifiable. Accordingly, the Court finds that Plaintiff has failed to demonstrate good cause for an extension. *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 789–90 (11th Cir. 2017) ("We liberally construe the filings of pro se litigants. Nevertheless, we still require them to comply with procedural rules, like the rules of service in Rule 4, Fed. R. Civ. P.") (internal citation omitted). Nevertheless, the Court in its discretion will grant a final 60-day extension for service as requested. Absent good cause and extenuating circumstances, no further extensions will be granted.

**B. Electronic Service**

In addition to seeking an extension of the service deadline, Plaintiff also seeks permission to serve The Rock Group, P.A., Andrew P. Rock, David Constantino, Stephanie Grossinger, and Russell A. Steinberg via electronic service to their known email addresses. (Doc. 34). Plaintiff asserts that Defendants Paul R. Pearcy, P.A., Paul R. Pearcy, and Mauren G. Pearcy were successfully served via a process server after the service deadline but alleges that the remaining Defendants are evading service attempts. (*Id.* at 4–5). Plaintiff seeks permission to serve the remaining Defendants electronically. In support of his request, Plaintiff cites Section 48.102, Florida Statutes, which permits service on certain entities via alternate service, including electronic service, if, after due diligence, personal service is unable

[2] The Court notes that to date Plaintiff has filed seventeen motions and numerous "notices."

to be effectuated.[3] However, Andrew P. Rock, David Constantino, Stephanie Grossinger, and Russell A. Steinberg, are not entities. Section 48.031, Florida Statutes provides alternate avenues through which an individual may be served while Section 480.081, Florida Statutes provides alternate avenues through which a corporation may be served. Based on the record before this Court, it is not clear Plaintiff has exhausted all service options set forth in these provisions. For these reasons, the Court denies without prejudice Plaintiff's request for electronic service.

**III. Conclusion**

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion for an Extension of Time to Complete Service (Doc. 30) is GRANTED. Plaintiff shall have until January 19, 2026, to serve the remaining Defendants.

2. Plaintiff's Motion for Alternative Service (Doc. 34) is DENIED without prejudice.

**ORDERED** in Tampa, Florida on November 19, 2026.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

[3] Federal Rule of Civil Procedure 4(e) permits service of process in accordance with Florida law in this action.